UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Maka Kereselidze, individually and on behalf of all others similarly situated;<br><br>      Plaintiff,<br><br><br><br> -v.-<br><br>Credit Control, LLC dba Credit Control & Collections, LLC<br><br><br><br>      Defendant(s). | Civil Action No: 1:21-cv-1195<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Maka Kereselidze (hereinafter, "Plaintiff"), a New York resident, brings this Class Action Complaint by and through her attorneys, Horowitz Law, PLLC, against Defendant Credit Control, LLC dba Credit Control & Collections, LLC (hereinafter "Defendant" or "CCC"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1. Congress enacted the Fair Debt Collection CCCctices Act ("FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection CCCctices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection CCCctices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective

1

collection of debts" does not require "misrepresentation or other abusive debt collection CCCctices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection CCCctices, but also to "insure that those debt collectors who refrain from using abusive debt collection CCCctices are not competitively disadvantaged." ld. § 1692(e). After determining that the existing consumer protection laws ·were inadequate~ id § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.  The Court also has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides, as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers under §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections CCCctices Act ("FDCPA").

6. Plaintiff is seeking damages and declaratory and injunctive relief.

## PARTIES

7. Plaintiff Maka Kereselidze is a resident of the State of New York, County of Kings.

8. Credit Control, LLC dba Credit Control & Collections, LLC is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 5757 Phantom Drive, Suite 330, Hazelwood, MO 63042.

9. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

10. Plaintiffs bring this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11. The Class consists of:

   a. all individuals with addresses in the State of New York;

   b. to whom CCC sent a collection letter attempting to collect a consumer debt;

   c. after the consumer's bankruptcy discharge;

   d. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

12. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

13. Excluded from the Plaintiff Classes are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

14. There are questions of law and fact common to the Plaintiff Classes, which common issues predominate over any issues involving only individual class members. The principal issue

is whether the Defendant's collection actions such as the referenced letter attached as Exhibit A, violate 15 U.S.C. §§ l692e, and 1692f.

15. The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiffs will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. The Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiffs nor their attorneys have any interests, which might cause them not to vigorously pursue this action.

16. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiffs are informed and believe, and on that basis allege, that the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendant's communications to consumers, in the forms attached as Exhibit A violate 15 U.S.C. § l692e, and §1692f.

   c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Classes have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d. **Adequacy:** The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are adverse to the absent class members. The Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be imCCCcticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

17. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18. Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

19. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

20. On a date better known to the creditor Bank of America, N.A., the Plaintiff incurred an obligation.

21. The Bank of America obligation arose out of transactions in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes, specifically a computer purchase.

22. The Bank of America obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

23. Bank of America is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

24. Bank of America contracted the Defendant to collect the alleged debt.

25. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation I – March 6, 2020 Collection Letter*

26. Plaintiff filed a Voluntary Petition for Relief under Chapter 7 of Title 11 of the United States Code on April 4, 2019 (hereinafter referred to as the "Petition Date"), invoking the protection of the automatic stay pursuant to 11 U.S.C. §362.

27. Said Petition was filed with the United States Bankruptcy Court for the Eastern District of New York and was assigned Case No. 19-42046.

28. The Petition filed by the Plaintiff listed Bank of Amrica, N.A. ("Original Creditor") as an unsecured creditor for a debt ("subject debt") on her Schedule F.

29. Plaintiff's 341(a) meeting of creditors was held on May 16, 2019.

30. No representative of the Original Creditor attended the meeting of creditors.

31. On July 17, 2019, the Plaintiff received and Order of Discharge of all debts included in his bankruptcy petition pursuant to 11 U.S.C. § 727, including the "subject debt".

32. This discharge order effectuated a discharge of the debt to the Original Creditor, Providing as follows:

> The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise…to collect a discharged debt for the debtor

33. Pursuant to 11 U.S.C. § 524, the Order of Discharge invoked the protections of the discharge injunction, prohibiting any acts to collect upon the subject debtor.

34. The Bankruptcy Noticing Center sent out the Discharge Certificate of Notice on or around July 19, 2019 alerting all listed creditors of the discharge.

35. Upon receipt of this notice the creditors were required to cease all collection efforts and close the account.

36. Despite the Plaintiff receiving her discharge the original creditor Bank of America assigned the account to Defendant CCC to collect.

37. Defendant CCC failed to perform a proper bankruptcy check and sent collection notices to the Plaintiff.

38. The collection notice specifically demanded payment for a discharged debt.

39. The Defendant should have had systems in place to detect if this account has been included in a bankruptcy filing.

40. Defendant's attempt to collect a debt from the Plaintiff, was an illegal practice.

41. Defendant's attempt to collect a debt from the Plaintiff, constitute the threat to take an action that cannot legally be taken or that is not intended to be taken because Defendant cannot collect a discharged debt.

42. Defendant's attempt to collect a debt from the Plaintiff, constitutes harassment and the unfair and unconscionable means to collect a debt.

43. Defendant's attempt to collect a debt from Plaintiff, were deceptive and misleading and caused the Plaintiff to be upset and confused about the status of the debt.

44. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION CCCCTICES ACT 15 U.S.C. §1692e
### *et seq.*

45. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

46. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

47. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

48. Defendant violated §1692e :

   a. As the Letter was attempt collection a debt no longer owed by Plaintiff in violation of §1692e(2), and §1692e(5).

   b. By making a false and misleading representation in violation of §1692e(10).

49. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION CCCCTICES ACT 15 U.S.C. §1692f *et seq.*

50. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

51. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

52. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

53. Defendant violated this section by falsely threatening the Plaintiff that this debt was still owed.

54. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

55. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Maka Kereselidze, individually and on behalf of all others similarly situated, demands judgment from Credit Control, LLC dba Credit Control & Collections, LLC as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Uri Horowitz, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: March 5, 2021                                              Respectfully Submitted,

**Horowitz Law, PLLC**

*/s/ Uri Horowitz*
Uri Horowitz, Esq.
14441 70th Road
Flushing, NY 11367
Ph: 718-705-8700
Fax: 718-705-8705
uri@horowitzlawpllc.com
*Counsel for Plaintiff*